UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marty Levingston,　　　　　　　　　　　　Case No. 1:12cv724
　　　　　Petitioner

　　　vs　　　　　　　　　　　　　　　　　Judge Spiegel
　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Bowman

Warden, Warren Correctional Institution,
　　　　　Respondent.

### ORDER

For good cause appearing, it is **ORDERED** that pursuant to Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, respondent shall, within sixty (60) days of the date of this order, file a return of writ responding to the allegations of the petition.  The return of writ should include the following:

　　　1.　　Certify the true cause of petitioner's detention.

　　　2.　　Allege specifically whether or not petitioner has previously filed a petition for habeas corpus relief in federal court, giving the names of the courts in which petitioner has sought release, together with any citations to such prior action.  Indicate whether or not the instant petition is successive pursuant to 28 U.S.C. § 2244(b).

　　　3.　　Allege as to each ground raised by petitioner whether he has exhausted his state remedies, including any post-conviction remedies, as well as his rights of appeal both from the judgment of conviction and from any adverse judgment or order in any post-conviction proceeding.

　　　4.　　Allege whether petitioner's claims are barred by the one-year statute of limitations established in 28 U.S.C. § 2244(d).

5. Allege, pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), whether petitioner has been previously afforded in the courts of Ohio an opportunity for full and fair litigation of any of his claims now brought by way of habeas corpus.

6. Allege, pursuant to *Engle v. Isaac*, 456 U.S. 107 (1982), whether any of petitioner's claims are barred by a state law procedural default.

7. Show cause -- supported by a detailed answer to petitioner's allegations, and by records, transcripts, affidavits, and other documentary evidence -- why a writ of habeas corpus should not issue.

8. If petitioner has alleged that his conviction was against the weight of the evidence, cite those pages of the trial transcript upon which respondent will rely to establish that there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt.

9. Indicate what transcripts of pretrial, trial, sentencing, and post-conviction proceedings are available, when they can be furnished, and what proceedings have been recorded but not transcribed.

10. Attach such portions of the transcripts as respondent deems relevant.

11. Allege whether or not a hearing is necessary and whether or not it is permitted under the criteria of *Townsend v. Sain*, 372 U.S. 293, 313 (1963), as amended by 28 U.S.C. § 2254(e)(2), and *Cullin v. Pinholster*, __ U.S. __, 131 S.Ct. 1388 (2011).

It is further **ORDERED** that the Clerk of this Court serve a copy of this Order and the petition by mail on the respondent and the Ohio Attorney General.  This service shall constitute notice to the Ohio Attorney General.

Petitioner may, not later than twenty-one (21) days after the answer is filed, file and

serve a response to the return of writ. If respondent files a motion to dismiss, petitioner's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

**IT IS SO ORDERED**.

/s/*Stephanie K. Bowman*
United States Magistrate Judge