# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARTY LEVINGSTON,                                    Case No. 1:12-cv-724
      Petitioner,


                                    Spiegel, J.
      vs                            Bowman, M.J.


WARDEN, WARREN                                       **REPORT AND**
CORRECTIONAL INSTITUTION,                            **RECOMMENDATION**
      Respondent.


Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. (Doc. 1). This matter is before the Court on petitioner's motion to stay and hold the petition in abeyance while petitioner exhausts "ineffective post-conviction counsel and corresponding claims" by way of a post-conviction petition in the state courts. (Doc. 7). Respondent has filed a return of writ and brief opposing the motion for stay. (Docs. 10, 11). Petitioner has filed a brief in reply to respondent's opposition memorandum. (Doc. 13).

## I. PROCEDURAL BACKGROUND

### State Trial Proceedings

In January 2008, the Hamilton County, Ohio, grand jury returned a four-count indictment against petitioner and a co-defendant based on a shooting incident that resulted in the death of victim Michael Grace. Petitioner was charged with two counts of murder in violation of Ohio Rev. Code § 2903.02(A); one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2); and one count of tampering with evidence in violation of Ohio Rev. Code §

1

2921.12(A)(1).  Firearm specifications were attached to each count.  (Doc. 10, Ex. 1).

Prior to trial, petitioner's counsel filed a motion to suppress identification testimony and opposed the State's motion requesting that the court call Savana Sorrells, an eyewitness to the shooting, as a trial witness subject to cross-examination by all parties.  (*Id.*, Exs. 4, 10).  It appears from the record that although Sorrells initially identified petitioner as one of the shooters to both the police and prosecuting attorneys, at the hearing held on petitioner's suppression motion, she changed her testimony, stating for the first time that she was "starting to have doubts" about her identification of petitioner.  (*See* Doc. 10, Tr. 90 & Ex. 9, pp. 2-4).  The trial court denied petitioner's suppression motion and granted the State's motion to call Sorrells as a trial witness with the caveat that "[t]he jury will not be aware that the court is calling this witness per the request of the Defendants."  (*Id.*, Exs. 9, 12).  The matter then proceeded to trial before a jury, which found petitioner guilty as charged.  (*Id.*, Ex. 13).

Prior to sentencing, petitioner filed a motion for new trial based on newly discovered evidence in the form of an eyewitness to the shooting, Suriyah Dukes, who stated in an accompanying affidavit that she was "absolutely positive [petitioner] was not one of the shooters."  (*See id.*, Ex. 14).  Following a hearing in open court, the trial court denied petitioner's motion for new trial and issued findings of fact and conclusions of law in support of its decision.  (*Id.*, Ex. 16).

On April 3, 2009, the court sentenced petitioner to an aggregate prison term of thirty-one (31) years to life, which consisted of the following consecutive terms of imprisonment:  fifteen (15) years to life on one of the murder counts (Count 1); three (3) years on one of the firearm specifications attached to Count 1; eight (8) years on the felonious assault count; and five (5)

years on the tampering with evidence charge. (*Id.*, Ex. 19).[1]

## State Appeal Proceedings

With the assistance of new counsel from the Hamilton County Public Defender's Office, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (Doc. 10, Ex. 20). In the appellate brief filed by counsel on petitioner's behalf, petitioner presented eight assignments of error:

1. The trial court erred in overruling the motion to suppress identification.

2. The trial court erred in sentencing the appellant to consecutive sentences of murder and felonious assault.

3. The trial court erred in overruling the motion for new trial.

4. The trial court erred in failing to grant the motion for mistrial and motion to strike testimony.

5. The defendant's right to a fair trial and due process were denied due to prosecutorial misconduct.

6. The trial court erred in instructing the jury that they could consider the testimony of Detective Thompson regarding Savana Sorrell's statement as substantive evidence.

7. The trial court erred in not instructing the jury as to viewing the testimony of a witness/informer scrupulously and with grave suspicion.

8. The verdicts are contrary to law as they are not supported by evidence beyond a reasonable doubt.

(*Id.*, Ex. 21).

On April 8, 2011, the Ohio Court of Appeals issued a decision overruling seven of the assignments of error and sustaining only the second assignment of error challenging the trial court's failure to merge the murder and felonious assault offenses as allied offenses of similar

---

[1] It is noted that for sentencing purposes, the trial court merged the murder offense charged in Count 2 with Count 1 and also merged all of the firearm specifications with the 3-year specification charged in Count 1. (*See* Doc. 10, Ex. 19).

import.  (*Id.*, Ex. 23).  The court vacated the separate sentences imposed for murder and felonious assault and remanded the matter "for the imposition of only one sentence for either of the two offenses."  (*Id.*, p. 9).  The court affirmed the trial court's judgment "[i]n all other respects."  (*Id.*).

With the assistance of his appellate counsel, petitioner perfected a timely appeal to the Ohio Supreme Court.  (*Id.*, Ex. 24).  In the memorandum in support of jurisdiction filed by counsel on petitioner's behalf, petitioner asserted two propositions of law:

1.  Where the trial court instructs the jury that it consider the testimony of a court's witness for purposes of credibility only but the hearsay testimony of the same witness as substantive evidence a defendant's right to a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 Section 10 of the Ohio Constitution is violated.

2.  Where the prosecutor introduces evidence not provided in discovery contrary to the order of the court the misconduct of the prosecution permeates the trial so as to deprive the defendant of a fair trial and due process.

(*Id.*, Ex. 25).  On September 21, 2011, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 27).

**Resentencing On Remand**

On May 18, 2011, petitioner was resentenced in accordance with the Ohio Court of Appeals' remand order.  (Doc. 10, Ex. 28).  Specifically, both the murder offense charged in Count 2 and felonious assault offense charged in Count 3 were merged with the murder offense charged in Count 1.  (*Id.*).  Petitioner was sentenced to an aggregate prison term of twenty-three (23) years to life, which consisted of the following consecutive terms of imprisonment:  fifteen (15) years to life on Count 1; three (3) years on one of the firearm specifications attached to Count 1; and five (5) years for the tampering with evidence offense charged in Count 4.  (*Id.*).

4

Petitioner did not pursue an appeal from the resentencing decision in the state courts.

## Rule 26(B) Application For Reopening Of The Appeal

On July 5, 2011, after he was resentenced and while his appeal was pending before the Ohio Supreme Court, petitioner filed a *pro se* motion to reopen his appeal with the Ohio Court of Appeals, First Appellate District.  (Doc. 10, Ex. 29).  In the application filed pursuant to Ohio R. App. P. 26(B), petitioner claimed that his appellate counsel was ineffective for failing to assert as an assignment of error that petitioner's trial counsel was ineffective for failing to take "the necessary steps" to secure the favorable eyewitness testimony of Suriyah Dukes at trial.  (*Id.*).

On January 26, 2012, the Ohio Court of Appeals denied petitioner's reopening application on the ground that petitioner had "failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel."  (*Id.*, Ex. 32).

Petitioner appealed to the Ohio Supreme Court, claiming as the sole proposition of law that "[a]n accused is denied his Sixth Amendment right to the effective assistance of counsel on appeal, when counsel fails to assign as error trial counsel's failure to secure meaningful eyewitness testimony which was apparent before trial and may establish the accused's actual innocence."  (*Id.*, Exs. 33-34).

On May 9, 2012, the Ohio Supreme Court summarily dismissed the appeal "as not involving any substantial constitutional question."  (*Id.*, Ex. 35).

## Federal Habeas Corpus Petition

With the assistance of new counsel, petitioner filed the instant petition for federal habeas relief on September 21, 2012.  (*See* Doc. 1).  In the petition, petitioner presents the following grounds for relief:

**Ground One:**  Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States

Constitution, by the failures of his trial counsel to reasonably investigate and obtain eye witness testimony which would have exonerated Petitioner.

**Supporting Facts:**  One of the state's primary "witnesses" was a young woman named Savana Sorrells.  Ms. Sorrells testified that she was *not* able to identify Petitioner as the perpetrator.  During trial, Ms. Sorrells testified that her cousin Suriyah Dukes had also been present in the residence and had witnessed the shooting.  Trial counsel had failed to conduct a reasonable investigation regarding Ms. Dukes as a potential witness and to obtain her highly exculpatory testimony at trial.  In affidavit obtained from Ms. Dukes post-trial, she clearly exonerated Petitioner as having not been involved in the shooting. . . .

**Ground Two:**  Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution by the failure of his trial counsel to reasonably investigate and obtain eyewitness testimony that would have provided an alibi defense for Petitioner at trial.

**Supporting Facts:**  Prior to trial, Petitioner informed trial counsel that at the time of the shooting, he was at his mother's residence, at which his mother was present at the time.  Despite this knowledge, trial counsel failed to call this alibi witness to testify.

**Ground Three:**  Petitioner was denied his right to the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution, by the failures of his appellate counsel to pursue a petition for post conviction relief.

**Ground Four:**  Petitioner was denied his right to due process of law under the Fourteenth Amendment to the United States Constitution by the entry of judgment of convictions against him in the absence of proof beyond a reasonable doubt that Petitioner was the person who committed those offenses.

**Ground Five:**   Petitioner's rights to due process and against cruel and unusual punishment as secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated by his conviction and incarceration for an offense of which he is actually innocent.

**Grounds Six/Seven:**  Petitioner was denied his rights to a fair trial and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by the use of an unduly suggestive photographic identification, the results of which were introduced at trial.

**Grounds Eight/Nine:**  Petitioner was denied his rights to a fair trial and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the trial court denied Petitioner's motion for a new trial on the

basis of newly discovered evidence.

**Ground Ten:** Petitioner was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution by the commission of prosecutorial misconduct by the Hamilton County Prosecutor's Office.

**Supporting Facts:** . . . Petitioner became aware for the first time at trial of the existence of an eyewitness whose testimony would exculpate Petitioner. The State never disclosed the existence of this evidence to Petitioner or his counsel, despite its clear obligation to do so under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995). The State also failed to disclose that a jailhouse snitch was highly incentivized through a plea agreement and was testifying in multiple cases in Hamilton County. Such evidence, had it been introduced at trial, would have significantly damaged the snitch's credibility. In addition, the prosecutor sought to use evidence which had been excluded by the trial court. The prosecutor further introduced inadmissible and inappropriate evidence regarding Levingston's alleged gang affiliation in an effort to inflame [and] improperly influence the jury.

**Grounds Eleven/Twelve:** Petitioner was denied a fair trial and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the trial court instructed the jury to consider a witness's taped statement, which the witness had recanted prior to trial, as well as a law enforcement officer's testimony regarding the statement as substantive evidence against Petitioner.

**Supporting Facts:** The State called Savana Sorrells to testify against Petitioner. Although, after being shown a single photograph, Sorrells had identified Petitioner as one of the two individuals involved in the commission of the crimes …, Sorrells recanted this identification prior to trial. The trial court instructed the jury that the testimony of both Sorrells and the law enforcement officer who witnessed the "identification" could be considered not just as impeachment evidence against Petitioner, but as substantive evidence of his guilt.

**Grounds Thirteen/Fourteen:** Petitioner's rights to a fair trial and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated when the trial court refused to instruct the jury to view the testimony of an incentivized snitch with "grave suspicion."

(Doc. 1, pp. 6-10).

Thereafter, before respondent filed a return of writ responding to the petition, petitioner filed a motion to stay and hold the petition in abeyance while he "litigates a post-conviction petition" in the state courts raising "ineffective assistance of post-conviction counsel and

corresponding constitutional claims" arising from "the recantation of the sole eyewitness against Petitioner and the discovery, during trial, of an eyewitness that exonerated him." (Doc. 7). Respondent has filed both a return of writ and a brief opposing petitioner's motion for stay. (Docs. 10, 11). In the return of writ, respondent argues that petitioner procedurally defaulted and has waived the claims alleged in Grounds One through Four, Grounds Seven through Nine, parts of Ground Ten, and Grounds Thirteen through Fourteen of his federal habeas petition. (Doc. 10, Brief, pp. 14-27). In the memorandum submitted in opposition to petitioner's motion for stay, respondent contends that a stay is not warranted because petitioner's claims "are procedurally defaulted, without merit or non-cognizable in a federal habeas proceeding." (Doc. 11, p. 2). Petitioner has filed a reply brief in response to respondent's opposition memorandum. (Doc. 13).

## II. OPINION

In his motion for stay, petitioner requests that the instant action be held in abeyance so that he can return to the state courts to pursue a "new path for relief," which he claims was recently created by the Supreme Court in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), for the purpose of overcoming any procedural bars to review of his habeas claims. (*See* Doc. 7). Although it is unclear what new claims petitioner plans to exhaust in the state courts at this late juncture, it appears that petitioner would like to file a petition for post-conviction relief alleging, as he has claimed in Ground Three of the petition, that his appellate counsel was ineffective for failing to pursue the available state post-conviction remedy "as a vehicle to introduce new evidence" and for failing to raise "numerous constitutional claims (on either direct appeal or in a collateral proceeding)." (*Id.*, p. 7; *see also* Doc. 1, p. 6). In the brief submitted in opposition to petitioner's motion, respondent points out that under Ohio law, "[a]n accused may not use a post-conviction petition to raise a claim of ineffective assistance of his or her appellate counsel."

(Doc. 11, p. 6).

The undersigned is not persuaded that the Supreme Court's *Martinez* decision applies here to create "a new path" that petitioner may pursue to overcome the claimed procedural bars to review of his federal habeas grounds for relief.  In *Martinez*, 132 S.Ct. at 1315, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Here, in contrast to *Martinez*, petitioner has neither pursued post-conviction or other collateral review relief in the state courts nor obtained the services of counsel to represent him in such a proceeding.

Apparently, it is petitioner's position that petitioner's counsel on direct appeal also served to advise petitioner about the availability of the state post-conviction remedy and to pursue state post-conviction relief on petitioner's behalf.  However, the two state-court avenues of relief are totally separate remedies.  The only role of appellate counsel is to represent persons convicted of criminal offenses on direct appeal to the Ohio Court of Appeals.  The role does not include serving as counsel for the defendant with respect to a post-conviction proceeding before the trial court.  Petitioner has already exhausted the only available avenue of relief in Ohio for challenging the effectiveness of his appellate counsel by filing a Rule 26(B) application for reopening of his appeal.  (*See* Doc. 10, Exs. 29-35).  Moreover, as respondent has pointed out, it is well-settled in Ohio that ineffective assistance of appellate counsel claims are not cognizable in post-conviction proceedings brought pursuant to Ohio Rev. Code § 2953.21.  *See, e.g., Morgan v. Eads,* 818 N.E.2d 1157, 1158 (Ohio 2004) (discussing *State v. Murnahan,* 584 N.E.2d 1204 (Ohio 1992)).  Therefore, because no procedural default happened in a state post-conviction proceeding where petitioner was represented by counsel, petitioner cannot prevail on

his argument that a stay is warranted because a "new" state post-conviction remedy created by the Supreme Court's *Martinez* decision is available for him to pursue a claim of "cause" for any procedural default that occurred in this case.

Accordingly, it is **RECOMMENDED** that petitioner's motion for stay (Doc. 7) be **DENIED**.

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARTY LEVINGSTON,                         Case No. 1:12-cv-724
      Petitioner

                                      Spiegel, J.
      vs                              Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
      Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc