UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARTY LEVINGSTON, | : | NO. 1:12-CV-00724 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | **OPINION AND ORDER** |
| | : | |
| WARDEN, WARREN CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 14), Petitioner's Objection (doc. 17), and Respondent's Response (doc. 20).  For the reasons indicated herein, the Court declines to adopt the Report and Recommendation and STAYS this matter so that Petitioner may exhaust his claims prior to the Court ruling on his Petition.

**I.  Background**

Petitioner was charged with four criminal counts in January 2008 based on a shooting incident that resulted in the death of victim Michael Grace (doc. 14).  An eyewitness to the shooting, Savana Sorrells, initially identified Petitioner as one of the shooters, but at the hearing on Petitioner's suppression motion she stated "she was starting to have doubts" about her identification of Petitioner." (Id.).  The prosecution also elicited the testimony of Robert Taylor a "jailhouse snitch" who claimed he heard Petitioner confess through an air duct in the jail (doc. 17).  A jury ultimately found Petitioner guilty as charged

(doc. 14).

Prior to sentencing, Petitioner filed a motion for new trial based on newly-discovered evidence in the form of another eyewitness to the shooting, Suriyah Dukes, who stated she was "absolutely positive [Petitioner] was not one of the shooters" (Id.).  After a hearing regarding such motion, the trial court denied Petitioner a new trial, and issued findings of fact and conclusions of law in support of its decision (Id.).  It found the testimony of Dukes was cumulative, and that she lacked credibility for previously having lied to the police that she had seen nothing (doc. 10).  The court ultimately sentenced Petitioner to an aggregate term of thirty-one years to life (doc. 14).

Petitioner obtained new counsel, a public defender, and timely appealed to the Ohio Court of Appeals (Id.).  His appeal included eight assignments of error, including the proposition that the trial court erred in overruling the motion for a new trial (Id.).  The appellate court overruled seven of the assignments of error and sustained the second assignment of error challenging the court's failure to merge the murder and felonious assault offenses as allied offenses of similar import (Id.).  However, the court affirmed the trial court in all other respects (Id.).  Petitioner, with his appellate counsel, filed an appeal to the Ohio Supreme Court, which the high court denied "as not involving any substantial constitutional question" (Id.).

On remand to the trial court, the murder offense charged in Count 2 and the felonious assault charge in Count 3 were merged

2

with the murder offense charged in Count 1 (Id.). As a result Petitioner's sentence was modified to an aggregate term of twenty-three years to life (Id.).

After Petitioner was resentenced, he filed a pro se motion to reopen his appeal with the Ohio Court of Appeals, pursuant to Rule 26(B). Petitioner claimed his appellate counsel was ineffective for failing to assert as an assignment of error that his trial counsel was ineffective for failing to secure Dukes' testimony at trial (Id.). The court of appeals denied such motion. Petitioner appealed to the Ohio Supreme Court, contending "[a]n accused is denied his Sixth Amendment right to the effective assistance of counsel on appeal, when counsel fails to assign as error trial counsel's failure to secure meaningful eyewitness testimony which was apparent before trial and may establish the accused's actual innocence" (Id.). The court summarily dismissed the appeal "as not involving any substantial constitutional question" (Id.).

Petitioner, now an inmate at the Warren Correctional Institution in Lebanon, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244, with assistance of new Counsel (doc. 1). Immediately after filing the petition, Counsel filed a petition for post-conviction relief in state court. Counsel now requests that habeas proceedings be stayed pending the exhaustion of the asserted claims in state court (doc. 7).

The Magistrate Judge has issued a Report and Recommendation concluding Petitioner should not be granted a stay

(doc. 14).  The parties have responded (docs. 17, 20), such that this matter is ripe for the Court's consideration.

## II.  Discussion

Petitioner's Petition raises fourteen grounds for relief (doc. 1).  Petitioner has not exhausted his state remedies as to Grounds One, Two, Three, Five and Ten, and may have not fairly presented Grounds Four, Eight, Nine, Eleven, Twelve, Thirteen and Fourteen as federal constitutional claims (doc. 10).  It is for these reasons Petitioner seeks a stay of this matter, based on theories of ineffective assistance of counsel, so that the Court might ultimately reach the merits of his claims.

The general rule is that ineffective assistance of counsel in state post-conviction collateral proceedings cannot serve as cause for procedural default.  Coleman v. Thompson, 501 U.S. 722 (1991)(as there is no constitutional right to an attorney in state-post conviction proceeding, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings).   However, in  Martinez v. Ryan, 132 S.Ct 1309 (2012), the Supreme Court carved out an exception to Coleman, allowing post-conviction counsel's ineffectiveness to establish "cause" to excuse procedural default of an ineffective-assistance of trial counsel claim in states where post-conviction proceedings present the defendant's first opportunity to raise such a claim. 132 S.Ct at 1320.   In Trevino v. Thaler, the Court, considering Texas law, held that the same concerns are present, and therefore

4

Martinez applies, when a state's "procedural framework, by reason of design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S.Ct 1911 at 1921 (2013).  The Sixth Circuit has found the application of Trevino to Ohio "neither obvious nor inevitable," McGuire v. Warden, 738 F.3d 741 (6th Cir. 2013), but suggested without holding that Trevino might apply in Ohio cases which required ineffective assistance of trial counsel claims be brought in post-conviction proceedings.  Id. at 751.

In their briefing the parties devote substantial argument as to whether Martinez and Trevino have "provided a new path" for Petitioner to overcome the claimed procedural bars to review of his habeas grounds for relief.  The Magistrate Judge answered the question in the negative, finding that Petitioner has neither pursued post-conviction relief or other collateral review relief in the state courts nor obtained the services of counsel to represent him in such a proceeding.  Counsel for Petitioner indicates he has now filed a petition for post-conviction relief, and that he is providing his services pro bono.

In the Court's view, its role at this point is to arrive at a determination whether the facts of this case militate toward the grant of a stay.  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court emphasized that stay and abeyance should only be available in "limited circumstances."  Id. at 277.  The limitation on federal court authority to issue such stays in habeas corpus

5

proceedings derives from the need to preserve the finality of state court judgments and encourage prompt exhaustion of state court remedies. Id. at 276-77. To justify a stay the federal court must find that petitioner has shown "good cause" for his failure to exhaust his claims, that the claims are potentially meritorious, and that petitioner did not engage in "intentionally dilatory litigation tactics." Id. at 278.

Petitioner here contends that his ineffective counsel on appeal is the reason for his failure to have exhausted his claims of ineffective trial counsel—-that are premised on the theory that trial counsel neglected to present testimony of an exonerating eyewitness, and that of an alibi witness. As Petitioner's ineffective assistance of counsel claims are such that require evidence beyond the trial record, they are of the variety that arguably fall within the ambit of Trevino. The Court understands that the Sixth Circuit has left the door open to such potential claims as to Ohio petitioners. McGuire, 738 F.3d at 751.

Trevino established a four-part test under which a federal court can find "cause" thus excusing a Defendant's procedural default: 1) the claim of "ineffective assistance of trial counsel" was "substantial;" 2) the "cause" consisted of there being "no counsel" or only "ineffective counsel" during the state collateral review proceeding; 3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and 4) the state procedural system does not offer most defendants a meaningful

6

opportunity to present a claim of ineffective assistance of trial counsel on direct appeal. 133 S.Ct. 1918-21. Here, the Court finds that Petitioner has raised substantial claims that his trial counsel neglected to investigate and proffer witnesses whose testimony, if believed by the jury, could have potentially exonerated him. Petitioner had no counsel when he filed his own Ohio R. App. P.26(B) motion, which for purposes of Ohio law constitutes a collateral post-conviction challenge. <u>Morgan v. Eads</u>, 104 Ohio St. 3d 142, 818 N.E.2d 1157 (Ohio 2004). Petitioner was <u>pro</u> <u>se</u> and made a good faith attempt to appeal the question that his trial counsel failed to elicit Dukes' testimony at trial. There is no evidence of dilatory action. Petitioner's claims of ineffective trial counsel are such that they require evidence beyond the trial record, and thus could only be raised on collateral review.

The Court finds that it is a stretch to extend <u>Trevino</u> to Petitioner's remaining claims, but that it would not appear to be in the interests of justice to bar their review. Petitioner asserts the only evidence linking him to the shooting was a "incentivized jail-house snitch" and Sorrells who recanted her identification. Petitioner never had a Court examine his constitutional claims, in part because he either lacked counsel (as for his Rule 26(B)) or because his counsel may have been ineffective in failing to assert such claims. Under such "limited circumstances" the Court finds good cause for the issuance of a stay as to these potentially meritorious claims.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636, the Court finds Petitioner's motion well-taken.  In short, the Court at this juncture is not ruling on the merits of Petitioner's claims, but rather merely holding the Petition in abeyance so as to await the outcome of Petitioner's efforts in state court.  The parties will be free to renew their arguments after such time.  Accordingly, the Court DECLINES to ADOPT the Magistrate Judge's Report and Recommendation (doc. 14), and GRANTS Petitioner's Motion for Stay (doc. 7).

SO ORDERED.


Dated: September, 30, 2014     <u>s/S. Arthur Spiegel</u>
                               S. Arthur Spiegel
                               United States Senior District Judge

8