# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARTY LEVINGSTON,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:12-cv-724 |
| - vs - | | | District Judge Timothy S. Black |
| | | | Magistrate Judge Michael R. Merz |
| WARDEN, Warren Correctional Institution, | | : | |
| | Respondent. | | |

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Although the Petition was filed September 21, 2012, the case only became ripe for decision when Petitioner filed his Reply in October 2015. The case was assigned upon filing to District Judge S. Arthur Spiegel and Magistrate Judge Stephanie Bowman. The reference was transferred to the undersigned as part of the caseload balancing process for Western Division Magistrate Judges (ECF No. 21). The case was reassigned to District Judge Black upon Judge Spiegel's death (ECF No. 26).

Levingston was convicted in the Hamilton County Common Pleas Court on two counts of murder, one count of felonious assault, and one count of tampering with evidence (Petition, ECF No. 1, PageID 1, ¶ 5). He was sentenced to twenty-three years to life imprisonment. *Id.* It is from that conviction that he seeks relief.

1

**Procedural History**

Michael Grace was shot to death at the Hawaiian Terrace apartment complex in Cincinnati, Ohio, on December 28, 2007. A Hamilton County grand jury indicted Levingston for this murder, charging him with two counts of murder, one count of felonious assault, and one count of tampering with evidence, each with one or more firearm specifications. A trial jury found Levingston guilty on all counts. He then moved for a new trial prior to sentencing, which the trial court denied. On appeal the First District ordered the merger under Ohio Revised Code § 29541.25 of the murder and felonious assault offenses, but otherwise affirmed. *State v. Levingston*, 2011-Ohio-1665, 2011 Ohio App. LEXIS 1479 (1st Dist. Apr. 8, 2011). The Ohio Supreme Court declined jurisdiction over an additional appeal to it. *State v. Levingston*, 129 Ohio St. 3d 1477 (2011). Levingston was resentenced on remand, but did not appeal from the resentencing. Levingston's Application for Reopening under Ohio R. App. P. 26(B) was denied as was an appeal from that denial.

After Levingston filed his Petition here, he filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 in the Hamilton County Common Pleas Court on June 12, 2013, which Judge Cooper dismissed December 10, 2013 (Supplemental State Court Record, ECF No. 31, PageID 2133). Levingston appealed and the First District affirmed the dismissal. *State v. Levingston,* No. C-140914 (1st Dist. Dec. 5, 2014)(unreported, copy at ECF No. 31, PageID 2173-74). The Ohio Supreme Court again declined jurisdiction. *State v. Levingston*, 142 Ohio St. 3d 1466 (2015). Judge Spiegel had stayed these proceedings to permit the renewed state court proceedings (ECF No. 22). When the Court was notified of conclusion of those proceedings, the stay was vacated (ECF No. 28 and notation order.)

2

Levingston pleads the following grounds for relief:

**Ground One:**  Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution, by the failures of his trial counsel to reasonably investigate and obtain eye witness testimony which would have exonerated Petitioner.

**Supporting Facts:**  One of the state's primary "witnesses" was a young woman named Savana Sorrells. Ms. Sorrells testified that she was *not* able to identify Petitioner as the perpetrator. During trial, Ms. Sorrells testified that her cousin Suriyah Dukes had also been present in the residence and had witnessed the shooting. Trial counsel had failed to conduct a reasonable investigation regarding Ms. Dukes as a potential witness and to obtain her highly exculpatory testimony at trial. In affidavit obtained from Ms. Dukes post-trial, she clearly exonerated Petitioner as having not been involved in the shooting.  In addition to the deprivation of a fair trial secured by the due process clause of the Fourteenth Amendment. Petitioner suffered the loss of his right to the effective assistance of counsel.

**Ground Two:**  Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution by the failure of his trial counsel to reasonably investigate and obtain eyewitness testimony that would have provided an alibi defense for Petitioner at trial.

**Supporting Facts:**  Prior to trial, Petitioner informed trial counsel that at the time of the shooting, he was at his mother's residence, at which his mother was present at the time.  Despite this knowledge, trial counsel failed to call this alibi witness to testify.

**Ground Three:**  Petitioner was denied his right to the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution, by the failures of his appellate counsel to pursue a petition for post conviction relief.

**Supporting Facts:**  Appellate counsel in this matter completely abdicated his role by failing to pursue a petition for post conviction relief on behalf of Petitioner. The failure falls below any reasonable standard of professional appellate representation.

**Ground Four:**  Petitioner was denied his right to due process of law under the Fourteenth Amendment to the United States Constitution by the entry of judgment against him in the absence of

proof beyond a reasonable doubt that Petitioner was the person who committed these offenses.

**Supporting Facts:**  Petitioner was convicted of two counts of murder, one count of felonious assault, and one count of tampering with evidence. There was insufficient evidence that he was the perpetrator of the offenses with which he was charged. Not one eye witness at the trial identified petitioner as the perpetrator of the crimes in question. To the contrary, witnesses who testified live at trial swore under oath that they were not able to identify Petitioner as the perpetrator. The prosecution then sought to rely upon recanted recorded statements as their only direct witness evidence of Petitioner's involvement in the crime.

**Ground Five:** Petitioner's rights to due process and against cruel and unusual punishment as secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated by his conviction and incarceration for an offense of which he is actually innocent.

**Supporting Facts:** Petitioner did not commit the offenses of conviction. The only evidence against him consisted of the testimony of an incentivized snitch and an eyewitness identification that had been recanted by the time of trial.

**Ground Six:** Petitioner was denied his right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution by the use of an unduly suggestive photographic identification, the results of which were introduced at trial.

**Supporting Facts:** The State's only "witness" against Petitioner was Savana Sorrells. Ms. Sorrells was an eyewitness to the shooting. She identified Petitioner as one of the two people involved in the crimes after being shown a single photograph, that of Petitioner. That identification was challenged through a pretrial motion; during the hearing on that motion, Ms. Sorrels recanted her identification, which was nonetheless introduced at trial as substantive evidence against Petitioner.

**Ground Seven:** Petitioner was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by the use of an unduly suggestive photographic identification, the results of which were introduced at trial.

**Supporting Facts:** The State's only "witness" against Petitioner was Savana Sorrells. Ms. Sorrells was an eyewitness to the

4

shooting. She identified Petitioner as one of the two people involved in the crimes after being shown a single photograph, that of Petitioner. That identification was challenged through a pretrial motion; during the hearing on that motion, Ms. Sorrels recanted her identification, which was nonetheless introduced at trial as substantive evidence against Petitioner.

**Ground Eight:** Petitioner was denied his right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution when the trial court denied Petitioner's motion for a new trial on the basis of newly discovered evidence.

**Supporting Facts:** For the first time during trial, a witness to the shooting, Suriyah Dukes, was identified through the testimony of State's witness Savana Sorrells. Following the trial, Petitioner's trial counsel obtained an affidavit from Suriyah Dukes, who averred that she had witnessed the shooting and that Petitioner was not present. The trial court ruled that this evidence could not be considered "newly discovered" and thus could not be the basis for a new trial.

**Ground Nine:** Petitioner was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court denied Petitioner's motion for a new trial on the basis of newly discovered evidence.

**Supporting Facts:** For the first time during trial, a witness to the shooting, Suriyah Dukes, was identified through the testimony of State's witness Savana Sorrells. Following the trial, Petitioner's trial counsel obtained an affidavit from Suriyah Dukes, who averred that she had witnessed the shooting and that Petitioner was not present. The trial court ruled that this evidence could not be considered "newly discovered" and thus could not be the basis for a new trial.

**Ground Ten:** Petitioner was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution by the commission of prosecutorial misconduct by the Hamilton County Prosecutor's Office.

**Supporting Facts:** As noted earlier in this petition, Petitioner became aware for the first time at trial of the existence of an eyewitness whose testimony would exculpate Petitioner. The State never disclosed the existence of this evidence to Petitioner or his counsel, despite its clear obligation to do so under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419

(1995). The State also failed to disclose that a jailhouse snitch was highly incentivized through a plea agreement and was testifying in multiple cases in Hamilton County. Such evidence, had it been introduced at trial, would have significantly damaged the snitch's credibility. [In addition, the prosecutor sought to use evidence which had been excluded by the trial court. The prosecutor further introduced inadmissible and inappropriate evidence regarding Levingston's alleged gang affiliation in an effort to inflame in improperly influence the jury.][1]

**Ground Eleven:** Petitioner was denied a fair trial under the Sixth and Fourteenth Amendments when the trial court instructed the jury to consider a witness's taped statement, which the witness had recanted prior to trial, as well as a law enforcement officer's testimony regarding that statement as substantive evidence against Petitioner.

**Supporting Facts:** The State called Savana Sorrells to testify against Petitioner. Although, after being shown a single photograph, Sorrells had identified Petitioner as one of the two individuals involved in the commission of the crimes of commission, Sorrells recanted this identification prior to trial. The trial court instructed the jury that the testimony of both Sorrells and a law enforcement officer who witnessed the "identification" could be considered not just as impeachment evidence against Petitioner, but as substantive evidence of his guilt.

**Ground Twelve:** Petitioner was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court instructed the jury to consider a witness's taped statement, which the witness had recanted prior to trial, as well as a law enforcement officer's testimony regarding that statement as substantive evidence against Petitioner.

**Supporting Facts:** The State called Savana Sorrells to testify against Petitioner. Although, after being shown a single photograph, Sorrells had identified Petitioner as one of the two individuals involved in the commission of the crimes of commission, Sorrells recanted this identification prior to trial. The trial court instructed the jury that the testimony of both Sorrells and a law enforcement officer who witnessed the "identification" could be considered not just as impeachment evidence against Petitioner, but as substantive evidence of his guilt.

---

[1] Appears in Petition, but was eliminated from the Amended Petition.

**Ground Thirteen:** Petitioner's right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution was violated when the trial court refused to instruct the jury to view the testimony of an incentivized snitch with "grave suspicion."

**Supporting Facts:** There were only pieces of "evidence" against Petitioner presented at trial: the recanted identification of Petitioner by Savana Sorrells, and the testimony of an incentivized jailhouse snitch. The snitch claimed that Petitioner, while in pretrial detention in the Hamilton County Justice Center, confessed his involvement in the crimes of conviction. As noted above, that snitch had been incentivized to testify through a highly favorable plea agreement disposing of the charges against him in exchange for this testimony. Moreover, the snitch appeared not just in Petitioner's trial, but also claimed to have heard "confessions" by several other defendants incarcerated at the time in Hamilton County. Petitioner's trial counsel requested that the jury be instructed that such testimony should be viewed with "grave suspicion." The trial court refused to give such an instruction.

**Ground Fourteen:** Petitioner's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution was violated when the trial court refused to instruct the jury to view the testimony of an incentivized snitch with "grave suspicion."

**Supporting Facts:** There were only pieces of "evidence" against Petitioner presented at trial: the recanted identification of Petitioner by Savana Sorrells, and the testimony of an incentivized jailhouse snitch. The snitch claimed that Petitioner, while in pretrial detention in the Hamilton County Justice Center, confessed his involvement in the crimes of conviction. As noted above, that snitch had been incentivized to testify through a highly favorable plea agreement disposing of the charges against him in exchange for this testimony. Moreover, the snitch appeared not just in Petitioner's trial, but also claimed to have heard "confessions" by several other defendants incarcerated at the time in Hamilton County. Petitioner's trial counsel requested that the jury be instructed that such testimony should be viewed with "grave suspicion." The trial court refused to give such an instruction.

(Petition, ECF No. 1, PageID 6-10; Amended Petition, ECF No. 29, PageID 2091-96.)

7

# ANALYSIS

### Ground One:  Ineffective Assistance of Trial Counsel:  Failure to Obtain Testimony of Suriyah Dukes

In his First Ground for Relief, Levingston asserts he was denied effective assistance of counsel when his attorney failed to find Suriyah Dukes and present her testimony at trial. Levingston alleges a post-trial affidavit from Dukes "clearly exonerate(s)" him as Grace's shooter.

Respondent asserts Ground One is barred by Levingston's procedural defaults in presenting it to the state courts (Amended Answer, ECF No. 32, PageID 2228-32).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*,

433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(*quoting O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]") The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly

reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

Ohio requires ineffective assistance of trial counsel claims which depend on the trial record to be raised on direct appeal, but claims depending on evidence dehors the record to be raised by petition for post-conviction relief under Ohio Revised Code § 2953.21.

Under Ohio law, ineffective assistance of trial counsel claims or indeed any constitutional claims that depend on evidence outside the appellate record must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because evidence cannot be added to the record on direct appeal. *State v. Hooks*, 92 Ohio St. 3d 83 (2001); *State v. Hartman*, 93 Ohio St. 3d 274, 299 (2001); *State v. Keith*, 79 Ohio St. 3d 514, 536 (1997); *State v. Scott*, 63 Ohio App. 3d 304, 308 (1989); *State v. Smith*, 17 Ohio St. 3d 98, 101, fn. 1 (1985). Conversely, constitutional claims including ineffective assistance of trial counsel claims which are supported by the appellate record must be raised on direct appeal and will be barred by *res judicata* if attempted to be raised later in post-conviction. *State v. Reynolds*, 79 Ohio St. 3d 158, 161 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Lentz*, 70 Ohio St. 3d 527 (1994); *In re T.L.*, 2014-Ohio-1840, ¶ 16, 2014 Ohio App. LEXIS 1804 (8th App. Dist. 2014).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.

2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of
> Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60
> L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 ; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting*

*Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).


**Fair Presentation**


The Warden's first procedural default argument is that Levingston did not fairly present

his claims as federal constitutional claims to the state courts (Amended Answer, ECF No. 32,

PageID 2228).  "Although he raised semblances of his fourteen federal grounds in his

postconviction petition in the trial court, he did not assign any of these grounds as error in his

subsequent appeals." *Id.*

Levingston responds that in Ohio relief cannot be granted on a post-conviction petition

under Ohio Revised Code § 2953.21(E) without a hearing (Traverse, ECF No. 35, PageID 2262-

63).  The actual language of that section reads:

> (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.

On its face, the statute does not require a hearing and Levingston presents no Ohio case law interpreting the statute in the way he suggests.  It is easy to imagine constitutional defects in a judgment which a trial judge might find without a hearing and § 2953.21 appears to contemplate a remand from an appellate court for granting such relief.

Assuming *arguendo*, however, that Levingston's interpretation is correct, he is further correct in arguing that neither the First District nor the Supreme Court could have granted relief on his constitutional claims directly, but could only have reversed the trial court's denial of relief and remanded for a hearing.

Levingston did fairly present Ground One as a constitutional claim in the trial court.  His first claim for relief in post-conviction reads:

> I. INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO INVESTIGATE
>
> 9. Petitioner's trial counsel failed, prior to trial, to investigate the possibility of eyewitnesses other than Savannah Sorrels. Had such an investigation been conducted, trial counsel would have learned that Suriyah Dukes witnessed the shooting and knew that Petitioner was not involved.
>
> 10. No reasonable jury would have convicted Petitioner if it had the benefit of Dukes's testimony.
>
> 11. Counsel's failure to investigate was objectively unreasonable and denied Petitioner the right to effective assistance of counsel as

secured by the Ohio constitution and the Sixth Amendment to the
US Constitution.

(Supplemental State Court Record, ECF No. 31,  Ex. 40, PageID 2122.)

This language brings Claim for Relief I well within the Sixth Circuit precedent for fair

presentation.  See *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986

F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds

by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir.

1991).   The Court concludes the Warden's fair presentation procedural default defense on

Ground One is not well taken.


**Untimely Filing**


The Warden's second procedural default defense is that Levingston's post-conviction

petition was untimely filed (Amended Answer, ECF No. 32, PageID 2229).  Applying the four

prongs of the *Maupin* analysis, the Court notes that Ohio has a rule that sets a deadline for filing

a post-conviction petition, 180 days after the date on which the trial transcript is filed in the court

of appeals.  Ohio Revised Code § 2953.21(b)(2).[2]  Although the trial court did not state any

reasons for denying the post-conviction petition, Levingston understood it was because of

untimeliness and argued the case to the First District on that basis (Traverse, ECF No. 35,

PageID 2262).  In that court Levingston argued the time for filing under Ohio Revised Code §

2953.21 should be tolled because of actual innocence or on the basis of the Supreme Court

decisions in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and

*Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).  The First District

---

[2] This deadline was amended to 365 days by 2014 HB 663, effective March 23, 2015.  The shorter deadline applied
to Levingston's case.

refused to accept either argument and affirmed dismissal of the Petition.  *State v. Levingston*, No. C-140914 (1st Dist. Dec. 5, 2014)(unreported, copy at Supplemental State Record, ECF No. 31, Ex. 48, PageID 2173-74).

The procedural rule in question – a deadline for filing post-conviction petitions – is well established – by statute – and is clearly independent of federal law.  Timeliness of filing has been recognized as an adequate state ground of decision in many different contexts.  For example, the forty-five day filing deadline for appeal to the Ohio Supreme Court and the ninety-day deadline for filing a 26(B) application have both been thus upheld.  See *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004); *Landrum v. Mitchell,* 625 F.3d 905 (6th Cir. 2010).

The Warden's claim that Ground One is procedurally defaulted by Levingston's failure to timely file his post-conviction petition is therefore well taken unless he can establish excusing cause and prejudice or actual innocence, both of which he claims.

**Actual Innocence**

Levingston claims benefit of the actual innocence exception to procedural default, asserting he has "established his actual innocence beyond peradventure."  (Traverse, ECF No. 35, PageID 2258).  He recites that

The evidence that establishes his innocence is as follows:

- The only substantive evidence at trial against him was the testimony of an incentivized jailhouse snitch whose claim regarding the manner in which he heard Levingston discuss the murder strains credulity.

- That same snitch offered testimony in multiple cases in Hamilton County. Either he was lying, or is privy to more confessions than the typical parish priest.

14

- Following Mr. Levingston's trial, an eyewitness to the murder came forward to say that Mr. Levingston was not involved in the crime.

- The State relied on an eyewitness who recanted her identification even prior to trial.

- Not a shred of physical evidence linked Mr. Levingston to the crime.

*Id.* Any reader of the Traverse will notice at once that this recitation is unaccompanied by any record references. Where does the record show how many confessions are heard by the typical parish priest? How does this Court know the "snitch" offered testimony in other cases?

Establishing actual innocence as a gateway to avoid procedural default is about more than making rhetorical flourishes. The Sixth Circuit has described the actual innocence gateway as follows:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Id. at 321.

*Souter v. Jones*, 395 F.3d 577, 590 (6ᵗʰ Cir. 2005).  Levingston has not made even an attempt to comply with the proof requirements for actual innocence under *Schlup*.


**Ineffective Assistance of Post-Conviction Counsel**


Levingston also asserts his procedural default of Ground One is excused by the ineffective assistance he received from post-conviction counsel, an excuse he asserts was recognized by the Supreme Court in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013)(Traverse, ECF No. 35, PageID 2259-63).

In *Martinez* the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319.   In *Trevino* the Court extended *Martinez* to the Texas system where review of ineffective assistance of trial counsel claims was practically, not legally, consigned to a collateral proceeding.

The Sixth Circuit has not yet decided whether *Trevino* applies to the Ohio system for

review of ineffective assistance of trial counsel claims.  The court recently wrote:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921. Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131 n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.
>
> On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*McGuire v. Warden*, 738 F.3d 741, 751-52 (6th Cir. 2013).

Ohio has a bifurcated system of dealing with ineffective assistance of trial counsel claims. Any claim which can be raised on direct appeal (i.e., where the record created in the trial court is sufficient to permit decision of the issue on direct appeal) must be raised on direct appeal or it is thereafter barred by Ohio's criminal *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967). Conversely, ineffective assistance of trial counsel claims which rely on evidence outside the record on direct appeal must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Milanovich,* 42 Ohio St. 2d 46 (1975); *Saylor v. Overberg*, 608 F.2d 670 (6th Cir. 1979); *State v. Gibson,* 69 Ohio App. 2d 91 (Cuyahoga Cty. 1980). However, the Ohio courts will not consider on a § 2953.21 petition any claim which could have been raised on direct appeal; such claims are barred by the state doctrine of *res judicata. State v. Perry,* 10 Ohio St. 2d at 181; *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *State v. Cole*, 2 Ohio St. 3d 112 (1982).

Assuming *Trevino* applies in Ohio, it will not save Levingston's First Ground for Relief from procedural default. The claim is that the trial attorney should have found Suriyah Dukes and presented her testimony at trial. Levingston's Motion for New Trial was based on the Suriyah Dukes Affidavit and filed January 30, 2009 (State Court Record, ECF 10-1, PageID 165-74). The Motion was denied April 3, 2009, before sentencing. *Id.* at PageID 197-200. Thus the question whether it was ineffective assistance of trial counsel to fail to present Dukes at trial was available in the record on appeal. However, no such assignment of error was raised. (See Appellant's Brief, State Court Record, ECF No. 10-1, PageID 244-45.)

Because the First Ground for Relief is a claim which under Ohio law was required to be raised on direct appeal and it was not, *Martinez* and *Trevino* are not available to excuse any arguable procedural default in failing to raise this claim in post-conviction.

Even if this First Ground for Relief were a claim which could have been raised in a timely post-conviction petition under Ohio Revised Code § 2953.21, it was not ineffective assistance of post-conviction counsel that caused its omission because Levingston had no post-conviction counsel and filed no post-conviction petition within the time allowed by Ohio law.  In other words, it is not as if Levingston filed a petition through counsel but omitted this claim for relief.  Instead he never filed such a petition until well beyond the statute of limitations date.

Ground One for Relief is therefore procedurally defaulted without excusing cause and should be dismissed with prejudice.

## Ground Two:  Ineffective Assistance of Trial Counsel:  Failure to Call Mother as an Alibi Witness

In his Second Ground for Relief, Levingston claims he told his trial attorney he was at home with his mother at the time of the shooting, but she was never called as an alibi witness. The Warden claims this Ground for Relief is procedurally defaulted on the same bases as the First Ground for Relief.  As with that ground for relief, the Court finds the argument not well taken as to fair presentation, but correct as regards the failure to timely file a petition for post-conviction relief.

The Warden also claims this Ground could have been raised on direct appeal, but provides no record references to show that this is so (Amended Answer, ECF No. 32, PageID 2232).

Levingston's actual innocence and *Martinez-Trevino* excuses are unavailing here for the same reasons given as to Ground One.  The Second Ground for Relief is therefore procedurally defaulted and should be dismissed with prejudice.

**Ground Three:  Ineffective Assistance of Appellate Counsel:  Failure to File Petition for Post-Conviction Relief**

In his Third Ground for Relief, Levingston asserts his appellate attorney provided ineffective assistance of appellate counsel when he failed to file a petition for post-conviction relief.

Ohio has one method for raising claims of ineffective assistance of appellate counsel, to wit, by including them in an Application for Reopening under Ohio R. App. P. 26(B).  Such claims are not cognizable in a petition for post-conviction relief under Ohio Revised Code § 2953.21.  *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  Thus Levingston's attempt to include this claim as his Third Claim for Relief in his post-conviction petition (Supplemental State Court Record, ECF No. 31, PageID 2123) would have been a vain act even if the petition had not been dismissed as untimely.

Levingston did file a 26(B) Application (State Court Record, ECF No. 10-1, PageID 335 et seq.), but no such claim was raised.  Levingston's claim of actual innocence is unavailing for the reasons given above.  His *Martinez-Trevino* excuse is unavailable because, even assuming those cases apply in Ohio, they will not excuse ineffective assistance of appellate counsel. *Hodges v. Colson,* 711 F.3d 589, 603 (6th Cir. 2013).

Levingston's Third Ground for Relief should be dismissed with prejudice because it is procedurally defaulted.

**Ground Four:  Insufficient Evidence**

In his Fourth Ground for Relief, Levingston contends he was convicted on constitutionally insufficient evidence.  The Warden asserts this claim is procedurally defaulted because it was abandoned on direct appeal to the Ohio Supreme Court (Amended Answer, ECF No. 32, PageID 2234).  Levingston makes no response beyond the unavailing excuses offered as to Ground One.  Although theoretically ineffective assistance of appellate counsel could provide an excuse, Levingston did not include such a claim in his 26(B) application.  Failure to appeal a claim to the highest state court procedurally defaults that claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Ground Four is procedurally defaulted and should be dismissed with prejudice on that basis.

## Ground Five:  Actual Innocence

In his Fifth Ground for Relief, Levingston asserts that he is actually innocent of the crimes for which he was convicted and that his imprisonment is therefore unconstitutional.  This is a so-called freestanding claim of actual innocence which the Supreme Court has held is not cognizable in habeas corpus.  *Herrera v. Collins,* 506 U.S. 390, 400-01 (1993).  The Warden cites *Herrera* as a basis for dismissal of Ground Five (Amended Answer, ECF No. 32, PageID 2225) and Levingston makes no response.

Ground Five should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Grounds Six and Seven: Unduly Suggestive Photographic Identification**

In his Sixth and Seventh Grounds for Relief, Levingston argues he was convicted in part on the basis of an unconstitutionally suggestive photographic identification. These claims are procedurally defaulted on the same basis as Ground Four, to wit, it was abandoned on direct appeal to the Ohio Supreme Court. They should therefore be dismissed with prejudice.

**Grounds Eight and Nine: Denial of New Trial**

In his Eighth Ground for Relief, Levingston asserts he was denied a fair trial under the Sixth and Fourteenth Amendments when the trial court denied his motion for new trial based on newly-discovered evidence. In his Ninth Ground for Relief, he asserts the same denial deprived him of due process under the Fifth and Fourteenth Amendments.

The Warden asserts these two grounds for relief are procedurally defaulted because they were abandoned on direct appeal to the Ohio Supreme Court. Levingston makes no response and the Warden's position is well taken. Grounds Eight and Nine should be dismissed with prejudice as procedurally defaulted.

**Ground Ten: Prosecutorial Misconduct**

In his Tenth Ground for Relief, Levingston asserts he was denied due process by the acts of prosecutorial misconduct of the Hamilton County Prosecutor's Office. The Warden asserts

this ground for relief is procedurally defaulted because it was not raised on direct appeal, although the facts necessary to make the claim were of record (Amended Return, ECF No. 32, PageID 2236).  Levingston makes no response to this argument (Traverse, ECF No. 35, PageID 2266-68).  The Warden's defense is well taken and the Tenth Ground for Relief should be dismissed with prejudice.


**Grounds Eleven:  Recanted Identification by Savana Sorrells**


In his Eleventh Ground for Relief, Levingston asserts that he was denied a fair trial when the trial court instructed the jury to listen to a taped statement of Savana Sorrells in which she identified Levingston as one of two individuals involved in perpetrating the murder as substantive evidence against Levingston as well as permitting the jury to consider the testimony of a law enforcement officer regarding Sorrells' statement (Amended Petition, ECF No. 29, PageID 2094).

The Warden concedes this claim is preserved for decision on the merits in habeas corpus, but asserts there is no merit to it.

This claim was presented as part of Levingston's Fourth Assignment of Error on direct appeal and the First District decided it as follows:

> **[\*P18]** Levingston next argues that the trial court should have stricken Sorrells's testimony regarding her pretrial identification of Levingston. Sorrells, however, had been called as a court's witness, leaving the state free to impeach her testimony with prior inconsistent statements. Evid. R. 607 and 614(A); *State v. Dubose*, 1st Dist. No. C-070397, 2008 Ohio 4983, at ¶59.  The trial court instructed the jury on this use of impeachment, and we, therefore, find no abuse of discretion. Accordingly, we hold that this assignment of error is without merit.

*State v. Levingston*, 2011-Ohio-1665, 2011 Ohio App. LEXIS 1479 (1st Dist. Apr. 8, 2011). To the extent there is somewhere in the Fourth Assignment of Error a claim of denial of Confrontation Clause rights, the First District's decision is not an objectively unreasonable application of *Crawford v. Washington*, 541 U.S. 36 (2004), because Sorrells was present at trial for cross-examination.  Levingston argues in his Traverse that he did not get to cross-examine her when she first made the statement (ECF No. 35, PageID 2269).  However he cites no Supreme Court precedent finding a Confrontation Clause violation under those circumstances.

To the extent the Eleventh Ground for Relief is a complaint about the instructions the jury was given about Sorrells' statements, it does not state a claim upon which relief can be granted in habeas corpus.  In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair.  *Henderson v. Kibbe,* 431 U.S. 145 (1977).  The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991), *quoting Cupp v. Naughten*, 414 U.S. 141 (1973).  The category of infractions that violate fundamental fairness is very narrow.  *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).     The instruction actually given here did not violate Ohio law and Petitioner has cited no authority to the effect that it violated the Constitution.

The Eleventh Ground for Relief should be dismissed.

**Ground Twelve: Recanted Identification by Savana Sorrells**

In Ground Twelve, Levingston asserts the same acts by the trial court complained of in Ground Eleven deprived him of due process in violation of the Fifth and Fourteenth Amendments (Amended Petition, ECF No. 29, PageID 2094). In his Traverse, however, Levingston switches ground and claims that these acts violated his rights under the Confrontation Clause of the Sixth Amendment (Traverse, ECF No. 35, PageID 2268).

The Warden asserts Ground Twelve is procedurally defaulted because it was never fairly presented as a federal constitutional claim to the state courts (Amended Answer, ECF No. 32, PageID 2237-38). In particular, on direct appeal these two acts were alleged to have deprived Levingston of his right to confront the witnesses against him. *Id.*, citing Appellant's Brief, State Court Record, ECF No. 10-1, PageID 257-59. A review of that Brief shows the claim was argued in terms of conflicting jury instructions. Levingston argued the trial judge first correctly instructed the jury that they could not consider Sorrells' unsworn pretrial statement or her grand jury testimony as substantive evidence. Then, he says, the trial judge instructed the jury they could consider Detective Thompson's testimony about Sorrells' statement and the tape recording of that statement as substantive evidence. No federal constitutional claim is made in the body of the argument. Instead, the First District is urged to follow its own prior decision in *State v. Hancock,* 2004-Ohio-1492, 2004 Ohio App. LEXIS 1324 (1st Dist. Mar. 26, 2004), to limit consideration of the statements to Sorrells' credibility and not Levingston's guilt. *Hancock* is solely involved with interpreting Ohio R. Evid. 607(A) and does not consider any constitutional issues. This was Levingston's Sixth Assignment of Error on direct appeal and the First District decided it as follows:

[*P23]  In his sixth assignment of error, Levingston argues that the trial court erred in instructing the jurors that they could consider the testimony of Detective Thompson regarding Sorrells's statement to police and the recording of that statement as substantive evidence.

[*P24]  Evid.R. 801(D)(1)(c) specifically allows statements identifying a person soon after that person is perceived to be considered as substantive evidence if (1) the declarant testifies at trial and is subject to cross-examination concerning the statement, and (2) circumstances demonstrate the reliability of the prior identification.

[*P25]  Sorrells identified Levingston as the second gunman to police ten days after the shooting, and in light of her detailed account at the time, the circumstances demonstrated the reliability of her statement. Additionally, Sorrells testified at trial, and Levingston was free to cross-examine her regarding the statement. We, therefore, hold that this assignment of error is without merit.

*State v. Levingston*, 2011-Ohio-1665, 2011 Ohio App. LEXIS 1479 (1st Dist. Apr. 8, 2011).

Thus this claim was presented and decided as an Ohio evidence rules question, not as a federal constitutional question.

It could be argued that, although the federal Constitution was not cited, the pattern of facts would have called the Confrontation Clause to mind in the appellate court.  But no Confrontation Clause violation occurred because Ms. Sorrells was present in court and subject to cross-examination.

Ground Twelve should be dismissed with prejudice.


**Grounds Thirteen and Fourteen:  Failure to Give Appropriate "Snitch" Instruction**


In his Thirteenth Ground for Relief, Levingston asserts his right to a fair trial under the Sixth Amendment was denied when the trial judge failed to give an appropriately strong

26

cautionary instruction with respect to the "snitch" testimony. In Ground Fourteen he asserts the same failure deprived him of his due process rights under the Fifth and Fourteenth Amendments (Amended Petition, ECF No. 29, PageID 2094-95.)

The Warden asserts both grounds for relief are procedurally defaulted because they were never fairly presented as federal constitutional claims in the Ohio courts and because they were abandoned on direct appeal to the Ohio Supreme Court (Amended Answer, ECF No. 32, PageID 2238).

Levingston presented a claim related to the request for a jury instruction about the testimony of Robert Taylor on appeal as his Seventh Assignment of Error as follows:

### SEVENTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY AS TO VIEWING THE TESTIMONY OF A WITNESS/INFORMER SCRUPULOUSLY AND WITH GRAVE SUSPICION

Issue presented: Where two proposed instructions regarding how the jury is permitted to view the testimony of a witness/informer properly state the law, it is error to refuse to instruct the jury as requested.

### ARGUMENT

The defense requested two instructions to be given regarding how the jury may view the testimony of Robert Taylor, the informer from the justice center.

One instruction was based upon the accomplice instruction and the other was based upon instructions from the cases of *United States v. Salimine* 536 F.2d 703 (6th Cir. 1976) and *United States v. Gomez-Carta* 419 F.2d 548 (2d Cir. 1969).

To say the least Taylor's testimony was inconsistent with other prosecution testimony and forensic evidence. There was no doubt that Taylor was trying to reduce his potential sentence any way he could. These instructions would have given the jury the proper way to evaluate Taylor's testimony.

(Appellant's Brief, State Court Record, ECF No. 10-1, PageID 259.)

The First District decided that assignment as follows:

> [*P26]  In his seventh assignment of error, Levingston argues that the trial court erred in not giving the jury Levingston's requested instruction to consider the testimony of Robert Taylor scrupulously and with grave suspicion.

> [*P27]  A trial court should ordinarily provide a jury instruction requested by the defendant when the instruction contains a correct and relevant statement of the law and is appropriate to the facts of the case. *State v. Gary*, 1st Dist. No. C-090643, 2010-Ohio-5321, ¶ 23. We review a trial court's decision whether to provide a requested instruction for abuse of discretion. *Id.*

> [*P28]  No abuse of discretion occurred here because the requested instruction was not appropriate under the facts of the case. Levingston sought an instruction provided under R.C. 2923.03(D), which applies only when an alleged accomplice of the defendant testifies. Taylor, however, was clearly not an accomplice to the offenses charged in this case.  See R.C. 2923.03(A)  Accordingly, we overrule this assignment of error.

*State v. Levingston,* 2011-Ohio-16765, 2011 Ohio App. LEXIS 1479 (1st Dist Apr. 8, 2011.)

Under Ohio law, a judge is required to give a jury instruction which properly states the law and applies to the facts in trial.  *State v. Comen*, 50 Ohio St. 3d 206 (1990); *State v. Madden*, 2010-Ohio-176, ¶ 33, 2010 Ohio App. LEXIS 145, **18 (Ct. App. 4th Dist. 2010).  Although no citations of law are offered at this point in the Brief, it is plainly that principle to which Levingston was appealing.  There is no suggestion that any such instruction is required by the federal Constitution.  Levingston's Thirteenth and Fourteenth Grounds for Relief were not fairly presented to the First District.  Alleged errors in jury instructions normally do not rise to the level of federal constitutional violations. See *Engle v. Isaac*, 456 U.S. 107 (1982); *Turoso v. Cleveland Municipal Court*, 674 F.2d 486 (6th Cir. 1982); *Eberhardt v. Bordenkircher*, 605 F.2d 275 (6th

Cir. 1979); *Weston v. Rose,* 527 F.2d 524 (6th Cir. 1975). When the evidence presented does not support a requested jury instruction and that determination is based upon a state court's interpretation and application of state law, an asserted error relating to the jury instruction is not cognizable in federal habeas corpus unless the failure amounted to a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990).

Moreover, these claims were abandoned on direct appeal to the Ohio Supreme Court.

Because Grounds Thirteen and Fourteen were procedurally defaulted, they should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Amended Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 6, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).