UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARTY LEVINGSTON, | : | Case No. 1:12-cv-724 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| WARDEN, WARREN | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY
ADOPTING THE SUPPLEMENTAL REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 41)**

## I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Michael R. Merz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on November 6, 2015, submitted a Report and Recommendations. (Doc. 36). Following Petitioner's objections (Doc. 39), this Court ordered the matter recommitted to the Magistrate Judge for a supplemental Report and Recommendations. (Doc. 40). The Magistrate Judge submitted the supplemental Report and Recommendations on January 7, 2016. (Doc. 41). Petitioner filed objections to the supplemental Report and Recommendations on January 21, 2016. (Doc. 42).

1

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety (but for the recommended denial of a certificate of appealability).

The analysis in the supplemental Report and Recommendations speaks for itself—the Court need not repeat the findings of the Magistrate Judge verbatim. However, the Court will analyze the issues raised in Petitioner's objections and outline why they are not well-taken.

## II.   ANALYSIS

Petitioner's petition for writ of habeas corpus contains fourteen alleged grounds for relief. (Doc. 1). The original Report and Recommendations recommended dismissal of all grounds—grounds 1–4, 6–10, 13, and 14 for procedural default, and grounds 5, 11, and 12 on the merits. (Doc. 36). The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner does not dispute that the claims identified by the Report and Recommendations were defaulted but claims those defaults can be overcome in two ways. First, Plaintiff alleges he is actually innocent of

2

the crime for which he was convicted. Second, Petitioner alleges that cause and prejudice exist for each defaulted claim such that the Court should evaluate them on their merits. The supplemental Report and Recommendations reevaluated each of the alleged grounds for relief in Petitioner's petition for writ of habeas corpus and recommended dismissal of the petition. For the reasons outlined below, the Court agrees.

### A. Petitioner has not demonstrated "actual innocence" sufficient to overcome procedural default.

Petitioner's objections claim that his procedurally defaulted claims should be evaluated on the merits because new evidence not presented at trial demonstrates he is actually innocent of the murder for which he was convicted. Actual innocence can serve as a "gateway" to avoid the bar of procedural default: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* The Report and Recommendations accurately cited *Schlup*'s holding that a district court involved in deciding an actual innocence gateway claim will have to make credibility assessments and should accept the actual innocence claim only if "in the light of the new evidence, no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329-30.

The new evidence presented by Petitioner in support of his actual innocence argument is the revised testimony of Suriyah Dukes, who lived in the area in which the

3

murder in question occurred. Ms. Dukes initially told investigating police that she was not a witness to the murder. However, two days after the jury returned a verdict against Petitioner, Ms. Dukes signed an affidavit stating that her initial testimony was false. (Doc. 10-1, at 70). This affidavit claimed that she had seen the perpetrator, and while she could not identify that man, it was not Petitioner, whom Ms. Dukes had known since childhood. (*Id.*).

The Report and Recommendations weighed this new affidavit against the evidence used to convict Petitioner and determined that a reasonable juror still could have found Petitioner to be guilty even had he or she heard Ms. Dukes testify as she did in the affidavit. (Doc. 41, at 5). The Court agrees with this assessment. Ms. Dukes' new testimony, balanced against her inconsistent previous statements and the additional testimony used to convict Petitioner, including the testimony of a prison informant who testified that Petitioner admitted to the murder, is not sufficient to demonstrate actual innocence as required to excuse procedural default.

### B. Petitioner has failed to demonstrate the cause and prejudice necessary to excuse any of his procedurally defaulted claims.

The supplemental Report and Recommendations found that Petitioner had failed to demonstrate cause and prejudice as required to prevent procedural default of his untimely filed claims. The Court agrees, and will accordingly address Petitioner's objections to each portion of the Report and Recommendations.

#### 1. Cause

Petitioner argues that his procedurally defaulted claims were caused by ineffective

assistance of counsel, either at the trial level or appellate level (depending on the claim). Petitioner further argues that, despite failing to preserve his claims of ineffective assistance of counsel, those claims should be heard on the merits based on the Supreme Court's rulings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). The Supreme Court in *Martinez* held that, in states where claims of ineffective assistance of trial counsel were required to be brought at a collateral review hearing as opposed to on direct appeal, ineffective assistance of counsel at the collateral review hearing could establish cause for procedural default of ineffective assistance of trial counsel claims. In *Trevino*, the Supreme Court extended *Martinez* to the Texas post-conviction system where a defendant is practically, but not legally, forced to present ineffective assistance of trial counsel claims in a collateral attack.

The Report and Recommendations noted that the Sixth Circuit has not yet decided whether *Martinez* and *Trevino* apply to the Ohio system of adjudicating ineffective assistance of trial counsel claims (ECF No. 36, quoting *McGuire v. Warden*, 738 F. 3d 741, 751-52 (6th Cir. 2013)). Ohio requires ineffective assistance of trial counsel claims that can be demonstrated from the trial record to be raised on direct appeal, while ineffective assistance of trial counsel claims that rely on evidence outside the record on direct appeal must be raised in a collateral petition for post-conviction relief.

Several of the counts in Petitioner's 28 U.S.C. § 2254 petition are procedurally defaulted regardless of whether *Trevino* applies to 28 U.S.C. § 2254 claims from Ohio state convictions. The Sixth Circuit Court of Appeals has held that "[u]nder *Martinez's* unambiguous holding . . . ineffective assistance of post-conviction counsel cannot supply

cause for procedural default of a claim of ineffective assistance of *appellate* counsel." *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (emphasis added). Therefore, a reviewing court "cannot apply the narrow *Martinez* exception to save [Petitioner] from his default of an ineffective-assistance-of-*appellate*-counsel claim." *McClain v. Kelly*, 631 F. App'x 422, 433 (6th Cir. 2015) (emphasis in original). Thus, in Ohio, claims of ineffective assistance of appellate counsel must be preserved through a petition to reopen an appeal as required by Ohio Rule of Appellate Procedure 26(B). Petitioner filed such a petition, but failed to preserve certain claims of ineffective assistance of appellate counsel; those claims are procedurally defaulted, and neither *Martinez* nor *Trevino* excuse that default.

Certain grounds for relief in Petitioner's petition for writ of habeas corpus were based off alleged failures of trial counsel, and should *Martinez* and *Trevino* apply to the Ohio post-conviction system, Petitioner's procedural default of those claims may be excusable based on alleged ineffective assistance of counsel at the collateral review stage. However, the Court need not decide here in the first instance whether *Martinez* and *Trevino* are applicable. As detailed in the following section, the issue is mooted by the lack of demonstrated prejudice in those grounds that may arguably have demonstrated adequate cause for default.

### 2. Prejudice

The "prejudice" prong of the "cause-and-prejudice" standard necessarily requires a showing that had the defaulted claim been presented to the state court, relief should have been awarded. This analysis is akin to a merits determination. Accordingly, the

6

supplemental Report and Recommendations evaluated the merits of each of Petitioner's 14 grounds for relief and found them lacking. The Court agrees with the analysis of the Report and Recommendations, and will address the arguments in Petitioner's objections in turn.

### a. Ground One

Petitioner's first ground for relief was that trial counsel rendered ineffective assistance of counsel by failing to learn of Suriyah Dukes's changed testimony. Petitioner's objections claim that the supplemental Report and Recommendations was incorrect in finding no prejudice on this ground, given that the Ohio "First District Court of Appeals explicitly held that the existence of Ms. Dukes could have been discovered by trial counsel through the use of due diligence." (Doc. 42, at 6). Despite this fact, the Court agrees with the finding in the supplemental Report and Recommendations that Petitioner has not demonstrated prejudice. The impact of Ms. Dukes' testimony was examined in the previous section outlining Petitioner's argument regarding actual innocence, and as the Court explained there, the omission of that testimony was not prejudicial. *See supra* Part II.A.

### b. Ground Two

The supplemental Report and Recommendations also correctly identified no prejudice from ground two of petitioner's petition for habeas corpus, which focused on trial counsel's alleged failure to investigate Petitioner's alibi that he was with his mother at the time of the murder. As the Report and Recommendations explains, "[i]n his untimely Petition for Post-Conviction Relief, Levingston included no evidentiary

7

materials to support this claim, neither an affidavit from Levingston about his supposed communication with [trial counsel] nor any affidavit from the mother about what she would have testified to." (Doc. 41, at 8). Petitioner's objections do not rebut this. Accordingly, ground two of Petitioner's petition is denied.

### c. Ground Three

Petitioner's third ground for relief was that appellate counsel was ineffective because his appellate attorney "failed to pursue postconviction relief," citing *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). However, *Gunner* only requires an appellate attorney to notify his or her client when the transcript is filed and the statute of limitations on an Ohio Revised Code § 2953.21 petition begins to run. There is no allegation that Petitioner's appellate counsel failed to so notify petitioner. Accordingly, ground three of Petitioner's petition is denied.

### d. Ground Four

Petitioner's fourth ground for relief was that there was insufficient evidence to sustain his conviction. The supplemental Report and Recommendations recommended this claim be dismissed as defaulted because the claim was not preserved upon appeal to the Supreme Court of Ohio. Petitioner argues in his objections that the rationale in *Gunner* requires the Court to hold that appellate counsel is required to pursue all claims "to the extent needed to constitute exhaustion," which would include an appeal to the Supreme Court of Ohio. (Doc. 42, at 8). This argument is without merit. The Sixth Amendment's guarantee of effective assistance of counsel only applies to proceedings in which one is constitutionally entitled to counsel. The right to appointed counsel extends

to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Accordingly, ground four of Petitioner's petition for writ of habeas corpus is denied.

### e. Ground Five

Petitioner's fifth ground for relief is a stand-alone claim on the basis of actual innocence. Actual innocence is not recognized as the basis for a stand-alone habeas claim. Petitioner acknowledges that *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), "does not, itself, recognize actual innocence as a standalone basis for habeas relief . . . however, [it] demonstrate[s] that five justices of the Supreme Court are ready to so rule when the question is squarely presented." (Doc. 42, at 8). As Petitioner himself admits that controlling law does not recognize this claim for habeas relief, the Court agrees with the Magistrate Judge's recommendation and denies this claim on the merits.

### f. Grounds Six, Seven, Eight, and Nine

Grounds six and seven of Petitioner's petition for writ of habeas corpus relate to Petitioner's claim that an unduly suggestive photographic identification was used in an eyewitness identification. Grounds eight and nine of Petitioner's habeas motion are related to Petitioner's accusation that he was unfairly denied a new trial. Each of these grounds is admittedly procedurally defaulted for failure to raise them on appeal to the Supreme Court of Ohio. However, as with ground four, Petitioner claims that *Gunner* should be read to require appellate counsel to exhaust all claims to exhaustion. As previously explained, Petitioner did not have a Constitutional guarantee of counsel for an

appeal to the Supreme Court of Ohio, so it was not ineffective assistance of counsel to fail to preserve post-trial claims at that level. *See supra* II.B.2.d.

### g. Ground Ten

Ground ten of Petitioner's petition for habeas corpus alleges prosecutorial misconduct at the trial level. This claim is procedurally defaulted, as Petitioner failed to raise it on direct appeal. Petitioner argues that the procedural default was due to ineffective assistance of counsel, and that the claim should accordingly be heard on the merits. The supplemental Report and Recommendations recommends denying this ground for relief, as Petitioner did not raise appellate counsel's ineffectiveness in his application to reopen his appeal as required by Ohio Rule of Appellate Procedure 26(B) (petitioner filed the application, but did not include prosecutorial misconduct as an omitted assignment of error).

Petitioner's objections claim that *Martinez* and *Trevino* excuse the requirement that ineffective assistance of appellate counsel claims be exhausted at the state level through an application for reopening under Rule 26(B). (Doc. 10, at 9). This argument lacks merit. As previously discussed, the Sixth Circuit has held that *Martinez* and *Trevino* do not apply to save procedurally defaulted claims of ineffective assistance of appellate counsel such as this one. *See supra* Part II.B.1.

Accordingly, ground ten of Petitioner's petition for habeas corpus is denied.

### h. Grounds Eleven and Twelve

In grounds eleven and twelve, Petitioner asserts he was denied a fair trial when the trial court instructed the jury to listen to a taped statement of Savana Sorrell in which she

10

identified Levingston as a perpetrator of the murder (Sorrell recanted that statement for her live trial testimony). The Report and Recommendations found that this ground for relief was properly preserved for merit review, but held that the First District Court of Appeals decision on this claim was not an objectively unreasonable application of controlling law. Petitioner's objections argue that both the state court and the Magistrate Judge based their decisions on an unreasonable application of *California v. Green*, 339 U.S. 149 (1970). The Court agrees with the Report and Recommendations that the state court's holding was not an unreasonable interpretation of the facts or the law. The Court in *Green* held that

> the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories.

*Id.* at 164. This holding is consistent with the state court's ruling regarding grounds eleven and twelve. Accordingly, grounds eleven and twelve of Petitioner's habeas petition are denied.

### i. Grounds Thirteen and Fourteen

Grounds thirteen and fourteen of Petitioner's habeas petition allege that he was denied the right to due process because of the trial court's failure to give a specific jury instruction he requested regarding the credibility of prison informant testimony. Petitioner's objections cite statistical data that he claims suggests that a high level of uncertainty should be placed on such testimony when evaluating its credibility. However, Petitioner's requested instruction is heavily based on an instruction in the Ohio

Revised Code regarding *accomplice* testimony, and the trial court rightly found that Petitioner's proposed language was inappropriate in the context of a prison informant. Petitioner has cited no legal authority that would indicate otherwise. Accordingly, grounds thirteen and fourteen of Petitioner's petition for habeas corpus are denied.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

1)   Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED WITH PREJUDICE;**

2)   A certificate of appealability shall issue with respect to all grounds for relief alleged in the petition because petitioner has demonstrated a "viable claim of the denial of a constitutional right" and the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

3)   The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would be taken in good faith and therefore Petitioner shall not be denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Date:   2/6/17

_____
Timothy S. Black
United States District Judge