UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARTY LEVINGSTON, | : | Case No. 1:12-cv-724 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| WARDEN, WARREN | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**ORDER GRANTING RESPONDENT'S MOTION TO
RECONSIDER THE PORTION OF THE COURT'S ORDER
GRANTING A BLANKET CERTIFICATE OF
APPEALABILITY ON ALL FOURTEEN GROUNDS (Doc. 46)**

This civil action is before the Court regarding Respondent's motion to reconsider the portion of the Court's Order granting a blanket certificate of appealability on all fourteen grounds. (Doc. 46).

**I.     BACKGROUND**

On November 6, 2015, the Magistrate Judge assigned to this case issued a report and recommendations recommending that Petitioner Marty Livingston's petition for habeas corpus be denied. (Doc. 36). Following Petitioner's objections to the report and recommendations (Doc. 39), this Court ordered the Magistrate Judge to supplement his report and recommendations. (Doc. 40). The Magistrate Judge's supplemental report and recommendations were filed January 7, 2016, and again recommended dismissal of the petition for writ of habeas corpus. (Doc. 41). Following Petitioner's objections to the

1

supplemental report and recommendations (Doc. 42), this Court entered an Order on February 6, 2017, largely adopting the report and recommendations of the Magistrate Judge and dismissing the petition. (Doc. 43).

The Court's Order closing this civil action adopted the report and recommendations of the Magistrate Judge in all ways save one: while the Magistrate Judge recommended that a certificate of appealability (COA) should not issue with respect to the grounds in Petitioner's petition for writ of habeas corpus, this Court determined that a COA was appropriate, and accordingly issued a COA for all of the claims in the petition. The Order did not individually evaluate each claim of the petition to determine whether a COA was warranted, but instead issued a "blanket" COA indicating that Petitioner was free to appeal any of the grounds in his petition.

On February 16, 2017, Respondent filed the motion for reconsideration of the Court's previous Order dismissing the petition for writ of habeas corpus. (Doc. 46). Respondent's motion asks the Court to reconsider only the portion of its Order granting a COA to the Petitioner. Respondent argues that the issuance of a "blanket" COA was improper, as the Court was required to evaluate each individual ground of the petition to determine if a COA was warranted for that ground. Respondent further argues that none of the 14 grounds enumerated in the petition merit the Court's granting a COA.

## II. STANDARD OF REVIEW

While the Federal Rules of Civil Procedure "do not recognize a 'Motion for Reconsideration[,]' [t]he Sixth Circuit has held…that a court may treat a motion to reconsider under the standard of Rule 59(e) of the Federal Rules of Civil Procedure."

2

*Solar X Eyewear*, Case No. 1:11cv763, 2011 U.S. Dist. LEXIS 100421, at *3 (N.D. Ohio Sept. 7, 2011) (citing *Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.")). The Sixth Circuit has determined, however, that a motion for reconsideration may be granted only: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *Wells Fargo Bank v. Daniels*, No. 1:05cv2573, 2007 U.S. Dist. LEXIS 80694, at *1 (N.D. Ohio Oct. 22, 2007). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).[1]

### III. ANALYSIS

The main thrust of Respondent's motion is that this Court erred when it chose to grant a COA for each of the grounds in the petition for writ of habeas corpus without evaluating each ground individually. Respondent argues that "[i]t is well settled that a

---

[1] *See also U.S. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1988) (motions for reconsideration are not intended to "regurgitate arguments previously presented or present[ing] arguments which originally could have been argued.").

3

blanket certificate of appealability for all claims is improper, even in a capital case."
(Doc. 46, at 5 (citing *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), citing *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)).

The Court has reviewed the cases offered by Respondent in support of its motion and the law is clear. The rule articulated in the cases cited by Respondent is applicable to the blanket order granting a COA previously granted by the Court in this case. The issuance of such a blanket COA was therefore a "clear error of law" that merits the granting of Respondent's construed Rule 59(e) motion. The Court must reevaluate each of Petitioner's grounds for relief separately to determine which grounds merit a COA and which do not. Accordingly, the Court will evaluate each of Petitioner's grounds for relief in turn.

### 1. Procedurally defaulted claims

In its previous Order adopting the magistrate judge's report and recommendations and denying Petitioner's motion for writ of habeas corpus, the Court found that grounds 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, and 14 of Petitioner's motion were procedurally defaulted, and accordingly denied each ground. (Doc. 43). The Supreme Court has outlined the test a district court should use to evaluate whether a COA is warranted for a habeas claim that was denied on procedural grounds:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

4

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court shall apply this standard to each of the procedurally defaulted grounds for habeas relief from Petitioner's habeas petition.

### a. Ground 1

In ground 1, Levingston claimed that trial counsel had rendered ineffective assistance by failing to learn of Suriyah Dukes's changed testimony. This claim was procedurally defaulted. The Court determined that, in light of Dukes's contradictory statements and the other evidence against Levingston—including evidence of his admission to his cellmate—the omission of the information in Dukes's post-trial affidavit (that she had seen the perpetrator, whom she could not identify, and that it was not Levingston) was not prejudicial. Jurists of reason would not find the procedural ruling debatable, and they would not find debatable the conclusion that Levingston had not been deprived of a constitutional right.

Accordingly, a certificate of appealability is not warranted in regards to ground 1 of Petitioner's petition for writ of habeas corpus.

### b. Ground 2

In ground 2, Levingston complained that trial counsel had rendered ineffective assistance by failing to investigate his alibi that he was with his mother at the time of the murder. This ground too was procedurally defaulted. The Court rejected the claim saying, "[a]s the Report and Recommendations explains, '[i]n his untimely Petition for Post-Conviction Relief, Levingston included no evidentiary materials to support this claim, neither an affidavit from Levingston about his supposed communication with [trial

5

counsel] nor any affidavit from the mother about what she would have testified to.' (Doc. 41, at 8). Petitioner's objections do not rebut this." (Doc. 43, at 7–8). Again, the Court concluded that there was no prejudice. *Id*. Again, jurists of reason would find debatable neither the absence of a constitutional violation nor the correctness of the procedural ruling.

Accordingly, a certificate of appealability is not warranted in regards to ground 2 of Petitioner's petition for writ of habeas corpus.

### c. Grounds 3, 4, 6, 7, 8, and 9

Grounds 3, 4, 6, 7, 8, and 9 of Petitioner's petition were procedurally defaulted because Petitioner failed to appeal those grounds to the Ohio Supreme Court. Petitioner argued that procedural default should be excused for each of these claims due to ineffective assistance of appellate counsel. For each of these grounds, Petitioner cited *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) for the proposition that appellate counsel was ineffective for "failing to pursue postconviction relief." The Court determined that *Gunner* contained no such requirement—the most *Gunner* requires is notification of 1) the transcript's filing, and 2) the beginning of the time for an R.C. 2953.21 petition to run. (Doc. 43, at 8–10). The Court reasoned that reading into *Gunner* a requirement that appellate counsel pursue postconviction relief to the Ohio Supreme Court would create a guarantee to counsel past a defendant's first appeal, which is not required by the Sixth Amendment. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

6

No reasonable jurist would disagree with this Court's ruling regarding Petitioner's flawed interpretation of *Gunner*. Since the ruling in *Gunner* was issued, the Sixth Circuit Court of Appeals has confirmed that *Gunner* did not create any obligation that would give a petitioner the right to counsel in a proceeding where counsel was not previously a constitutional requirement. See *McClain v. Kelley*, 631 F. App'x 422, 431, 437 (6th Cir. 2015). With this guidance from the Sixth Circuit Court of Appeals, no jurist could reasonably argue that Petitioner's appellate counsel was obligated to pursue his postconviction relief to the Ohio Supreme Court.

Accordingly, a certificate of appealability is not warranted in regards to grounds 3, 4, 6, 7, 8, or 9 of Petitioner's petition for writ of habeas corpus.

### d. Ground 10

In Ground 10, Levingston argued that the procedural default of his prosecutorial misconduct claim should be excused due to ineffective assistance of appellate counsel. Although Levingston filed a Rule 26(B) application to reopen, he did not raise appellate counsel's failure to argue prosecutorial misconduct as an assignment of error. A ground that is itself procedurally defaulted cannot be used as "cause" to excuse the default of another procedurally defaulted claim. See *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) (procedurally defaulted claim of ineffective assistance of appellate counsel cannot serve as the "cause" component of "cause and prejudice" to excuse a procedural default); *Abshear v. Moore*, 354 Fed. Appx. 964 (6th Cir. 2009); *Barkley v. Konteh*, Warden, 240 F. Supp.2d 708, 713–14 (N.D. Ohio Dec. 13, 2002). Although Levingston sought to argue that *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v. Thaler,* 133 S.Ct. 1911

7

(2013), excuse the procedural default, the Court noted that the Sixth Circuit has held that neither of these cases applies to defaulted claims of ineffective assistance of *appellate* counsel. (Doc. 43, at 5–6). Again, jurists of reason would not find the Court's conclusions on the constitutional or procedural issues debatable.

Accordingly, a certificate of appealability is not warranted in regards to ground 10 of Petitioner's petition for writ of habeas corpus.

### e. Grounds 13 and 14

In Grounds 13 and 14, Levingston asserted that he was deprived of his constitutional rights when the trial judge failed to give an appropriately strong "snitch" instruction. These claims were procedurally defaulted as they were never presented on direct appeal to the Ohio Supreme Court. In the supplemental Report and Recommendation that was adopted by the Court, the Magistrate Judge repeated that the claims were never argued as federal constitutional claims in the state court and, again, Levingston failed to appeal the claim to the Ohio Supreme Court. (Doc. 41, at 13–15). Although Levingston sought to blame ineffective assistance of appellate counsel, the Magistrate Judge noted that, because there is no constitutional right to appointed counsel on a discretionary appeal, deficient performance by counsel in such an appeal cannot excuse a procedural default in pursuing that appeal. *Id*. at 14. Jurists of reason would not debate these constitutional and procedural conclusions.

Accordingly, a certificate of appealability is not warranted in regards to grounds 13 and 14 of Petitioner's petition for writ of habeas corpus.

### 2. Merits adjudicated claims

A certificate of appealability shall issue with respect to a particular ground for relief alleged in the petition that was adjudicated on the merits if the petitioner has demonstrated a "viable claim of the denial of a constitutional right" and the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S.880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P.22(b).

### a. Ground 5

In Ground Five, Levingston raises a stand-alone claim of actual innocence. As even Levingston himself admits, the claim is noncognizable in federal habeas corpus. In *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court made it clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." *Id.* at 400 (quoting *Townsend v. Sain*, 372 U.S. 293, 317 (1963)). Because the Supreme Court has yet to recognize a freestanding actual innocence claim, the Sixth Circuit has repeatedly ruled that, particularly in the context of a non-capital case such as this, such claims are not cognizable on federal habeas review. See, e.g., *Cress v. Palmer*, 484 F.3d 844, 854 (and Sixth Circuit cases cited therein); *Thomas v. Perry*, F. App'x 485, 487 (6th Cir. 2014); *Sitto v. Lafler*, 279 F. App'x 381, 382 (6th Cir. 2008); *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007); see also *Speer v. United States*, No. 2:12cv277, 2014 WL 1367076, at *2 (S.D. Ohio Apr. 7, 2014) (and Sixth Circuit cases cited therein) (holding that the petitioner was unable to

obtain habeas relief based on a freestanding claim of actual innocence because the Supreme Court has never recognized such a claim). Again, jurists of reason would not find the rejection of this claim debatable.

Accordingly, a certificate of appealability is not warranted in regards to ground 5 of Petitioner's petition for writ of habeas corpus.

### b. Grounds 11 and 12

In grounds eleven and twelve, Petitioner asserts he was denied a fair trial when the trial court instructed the jury to listen to a taped statement of Savana Sorrell in which she identified Levingston as a perpetrator of the murder (Sorrell recanted that statement for her live trial testimony). These grounds were properly preserved for merit review, but the Court held that the Ohio First District Court of Appeals's decision was not an objectively unreasonable application of controlling law. (Doc. 43, at 10–11).

Petitioner acknowledges federal precedent holding that the use of a prior inconsistent statement as substantive evidence is permitted so long as the witness appears at trial and is available for cross examination. However, Petitioner cites *United States v. Leslie*, 542 F.2d 285 (5th Cir. 1976), for the proposition that

> a prior inconsistent statement could be constitutionally admitted as substantive evidence where: (1) the declarant was available for cross-examination; (2) the statement was made shortly after the events related and was transcribed promptly; (3) the declarant knowingly and voluntarily waived the right to remain silent; (4) the declarant admitted making the statement; and (5) there was some corroboration of the statement's reliability.

(Doc. 39, at 20 (citing *United States v. Leslie*, 542 F.2d 285, 290–91 (5th Cir. 1976))). Petitioner claimed that Ms. Sorrell's prior statement failed on the second and fifth

10

grounds and therefore that the admittance of the prior statement was a violation of due process.

The opinion in *Leslie* is not binding upon this Court, and this Court found that the Ohio First District Court of Appeals's admission of Ms. Sorrell's prior statement was not unreasonable given the Supreme Court's guidance in *California v. Green*, 339 U.S. 149 (1970). (Doc. 43, at 10–11). However, upon review, the Court finds that a reasonable jurist may agree that the admission of a prior inconsistent statement can implicate due process based on the circumstances surrounding the collection of the prior statement, even in circumstances where the witness is available at trial for cross examination. Should a reasonable jurist find that a factor based interpretation of a prior inconsistent statement was necessary to ensure that due process was afforded through the statement's admission (as did the Fifth Circuit Court of Appeals in *Leslie*), that same jurist could reasonably determine that the particular circumstances surrounding Ms. Sorrell's statement made the admission of that statement at trial a violation of Petitioner's right to due process. The Court therefore believes that these two grounds of the petition are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 475 (2000).

Accordingly, the Court finds that the issuance of a certificate of appealability for grounds 11 and 12 of Petitioner's petition for writ of habeas corpus is warranted.

IV. CONCLUSION

Accordingly, for the reasons stated:

1) Respondents' motion to reconsider the portion of the Court's Order granting a blanket certificate of appealability on all fourteen grounds. (Doc. 46) is **GRANTED**;

2) The certificate of appealability granted by the Court in its previous Order adopting the supplemental report and recommendations of the United States Magistrate Judge (Doc. 43) is **RESCINDED**;

3) A certificate of appealability shall issue with respect to grounds 11 and 12 of petitioner's amended petition for writ of habeas corpus (Doc. 29);

4) A certificate of appealability shall not issue with respect to grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, and 14 of petitioner's amended petition for writ of habeas corpus (Doc. 29);

5) Petitioner's pending motion for extension of time (Doc. 48) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: 5/31/17

Timothy S. Black
United States District Judge